UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
JOHANES WIDJAJA et. al,

                      Plaintiffs,             **O R D E R**

  -against-

                                          09 CV 2089 (RRM)

KANG YUE USA CORPORATION et. al.,

                      Defendants.
----------------------------------------------X

Discovery of Immigration Status

        This is an action filed under the Fair Labor Standards Act ("FLSA") in which defendants have made a motion to compel discovery of plaintiffs' immigration status. Defendants seek to discover the immigration status of the plaintiffs for two reasons. First, they claim the plaintiffs' status in this country is relevant to plaintiffs' credibility, arguing that if plaintiffs entered the country illegally then they are more likely to make false claims regarding hours worked. (Defs.' April 28 Letter[1] at 2). Second, defendants argue that if it is discovered that plaintiffs are illegal immigrants, then they would not be entitled to back pay for future loss of earnings since they would not be permitted to work under the Immigration Reform and Control Act of 1986 ("IRCA"). See Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137 (2002) (holding that the IRCA prevents the NLRB from awarding backpay to an illegal alien for work not performed).

        Rule 26 of the Federal Rules of Civil Procedure allows discovery of all relevant non-privileged matters. Fed. R. Civ. P. 26. A plaintiff's immigration status is not normally discoverable. Rengifo v. Erevos Enterprises, Inc., No. 06 CV 4266, 2007 WL 894376 at *1

---

[1] Citations to "Defs.' April 28 Letter" refer to the letter filed by defendants on April 28, 2010.

(S.D.N.Y. March 20, 2007). "[D]iscovery of such information would have an intimidating effect on an employee's willingness to assert his workplace rights." Id.

The Court rejects plaintiffs' first argument that plaintiffs' immigration status is relevant to their credibility. "While it is true that credibility is always at issue, that does not by itself warrant unlimited inquiry into the subject of immigration status. . . ." Id. at *3. "[T]he opportunity to test the credibility of a party. . . does not outweigh the chilling effect that disclosure of immigration status has on employees seeking to enforce their rights." Id. See also E.E.O.C. v. First Wireless Group, Inc., No. 03 CV 4490, 2007 WL 586720 (E.D.N.Y. Feb. 20, 2007) (finding immigration status not relevant to credibility); Avila-Blue v. Casa De Cambio Delgado Inc., 236 F.R.D. 190 (S.D.N.Y. 2006) (same).

Defendants' second argument is that plaintiffs' immigration status may be relevant to damages, relying on the Supreme Court's holding that the IRCA prevents the NLRB from awarding backpay to an illegal alien for work not performed. Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137. However, on the issue of damages, "[c]ourts have distinguished between awards of post-termination back pay for work not actually performed and awards of unpaid wages pursuant to the Fair Labor Standards Act ("FLSA")." Zeng Liu v. Donna Karan Intern., Inc., 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002). In Flores v. Amigon, 233 F. Supp. 2d 462 (E.D.N.Y. 2002), the court stated that Hoffman Plastic Compounds, Inc. v. NLRB does not apply to FLSA cases in which workers are seeking pay for work actually performed. The court in Flores stated that, "enforcing the FLSA's provisions requiring employers to pay proper wages to undocumented aliens when the work has been performed actually furthers the goal of the IRCA" because if the FLSA did not apply to undocumented aliens, employers would have a greater

incentive to hire illegal aliens with the knowledge that they could not be sued for violating minimum wage requirements. Flores v. Amigon, 233 F. Supp. 2d at 464.[2] See also Sandoval v. Rizzuti Farms, Ltd., No. 07 CV 3076, 2009 WL 2058145, at *2 (E.D. Wash. July 15, 2009) (holding that immigration status is not discoverable and Hoffman does not apply). But see Avila-Blue v. Casa De Cambio Delgado Inc., 236 F.R.D. at 192 (finding that "the issue of immigration status may be relevant to damages insofar as it may limit the availability of certain forms of damages" and allowing the issue to be reopened at a later stage of the proceeding).

Plaintiffs' Motions

In their letter dated April 19, 2010, plaintiffs complain about the inordinate delay by defendants in raising the issue of plaintiffs' immigration status and in scheduling the depositions of plaintiffs and the defendants' own 30(b)(6) witnesses. As a result of this delay, plaintiffs seek sanctions in the form of an Order: 1) precluding defendants from taking depositions of any plaintiffs, 2) precluding defendants from asserting any defenses in this lawsuit, 3) requiring defendants to pay all reasonable expenses incurred by plaintiffs as a result of defendants' failure to comply with the Court's discovery Orders, and 4) imposing any further sanctions the Court deems appropriate.

While the Court is cognizant of the delays in this case, it denies plaintiffs' motions at this time, without prejudice to renew if defendants continue to fail to comply with the Court's

---

[2] It should be noted that the Department of Labor has also indicated that Hoffman will not affect the enforcement of the FLSA. (Fact Sheet # 48: Application of U.S. Labor Laws to Immigrant Workers: Effect of Hoffman Plastic decision on laws enforced by the Wage and Hour Division).

scheduling Order. All depositions are to be completed by June 30, 2010 and the parties are ordered to submit a final deposition schedule by May 28, 2010.

## CONCLUSION

For the foregoing reasons, defendants' motion to gain access to plaintiffs' immigration status is denied and plaintiffs' motion for sanctions is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
      May _20_, 2009

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge