# KEVIN KERVENG TUNG, P.C.

Kevin K. Tung *  
Mingli Chen  
Kun Zhao *  
Kenji Fukuda  
Lixin Yang  
Wei Sun  
Lu He  
Chunyang Zhang  
Yuzhe Pan  
Helen Wu  

*Also Admitted In New Jersey*

*Attorneys at Law*

38-21 Main Street, Suite 3D  
Flushing, New York 11354  
(718) 939-4633  
Facsimile (718) 939-4468  

New Jersey Office  
1744 Highway 27  
Edison, New Jersey 08817  
(732) 819-9222  
Facsimile (732) 819-9122  

Writer's E-Mail:  
ktung@kktlawfirm.com  

Reply To New York Office

*Via Regular Mail and Electronic Mail

July 29, 2010

Honorable Chery L. Pollack  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

**Re:    Johanes Widjaja, et. Al. v. Kang Yue USA Corporation et. Al.;  
            Civil Action No. 09-CV-2089-RRM-CLP**

Dear Honorable Pollack:

On behalf of the Defendants in the above-captioned case, the undersigned submits this letter motion for an order, dismissing with prejudice all claims against the Defendants by the Plaintiff, Min Joongkin Kim (hereinafter, "Kim"), on the grounds that he is a necessary party in the instant action who has failed to appear and comply with discovery orders for depositions throughout the entire discovery period.

The Federal Rules of Civil Procedure provides that where a party fails to comply in permitting or providing discovery, the court may issue just orders including: dismissal of the action in whole or in part; rendering a default judgment against that party, striking pleadings in whole or in part; or prohibiting the disobedient party from opposing defenses.  Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A.

Such sanctions provided by this rule serves the purpose of ensuring that a party will not profit from its own failure to comply with discovery, in that the sanctions are also specific deterrents and, like civil contempt, seek to secure compliance with particular orders at hand.  *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 49 A.L.R. Fed. 820, 27 Fed.R.Serv.2d 828 (1979).

The Court of Appeals of the Second Circuit has upheld dismissal of plaintiffs' claims as discovery sanctions where the plaintiff, although pro se, failed to appear for

depositions and comply with discovery. Fed.Appx. 77, 2001 WL 1338992 (C.A.2 (N.Y.))

In the instant case, Plaintiff Kim has been absent throughout the entire discovery proceedings, despite the fact that the attorneys for Plaintiff Kim were duly served with the Notice(s) of Deposition. While all other parties have been properly deposed, Plaintiff Kim has demonstrated no cooperation with discovery orders, and thus no commitment to his own claims in this action. Furthermore, the attorneys for Plaintiff Kim at Joseph, Herzfeld, Hester & Kirschenbaum LLP, have informed us that they cannot produce this disobliging plaintiff-witness for deposition.

In the interest of justice and accordance with prior rulings of the Second Circuit Court, Plaintiff Kim's claims should be properly dismissed with prejudice. Therefore, the undersigned respectfully requests that this Court grant dismissal of Plaintiff Kim's claims.

Thank you for your consideration in this matter.

Very truly yours,


/s/Kevin K. Tung (KT-1478)



CC:   D. Maimon Kirschenbaum, Esq.
      JOSEPH, HERZFELD, HESTER, & KIRSCHENBAUM LLP
      Attorneys for Plaintiffs
      757 Third Avenue, 25th Floor
      New York, New York 10017
      Tel: (212) 688-5640
      Fax: (212) 688-2548