# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

---

Charles Joseph
D. Maimon Kirschenbaum
Douglas Weiner
Matthew D. Kadushin
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

June 27, 2013

<u>Via ECF</u>

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Widjaja et al. v. Kang Yue USA Corporation et al.
     Civil Action No.: 09-cv-02089-RRM-CLP

Dear Judge Mauskopf:

We represent Plaintiffs in the above-captioned matter. We write to respectfully request that the Court schedule a conference to address the status of the case and to calendar a trial.

On September 26, 2011, this Court granted summary judgment in favor of Plaintiffs Widjaja, Ng and Utama, leaving open the necessity for a trial only with regard to damages. Pursuant to the Court's Order, Plaintiff's submitted a Proposed Pretrial Order on February 1, 2012. Plaintiffs also requested by letter (Exhibit A) on February 13, 2012, a Conference to discuss certain outstanding issues that Plaintiffs believe would further narrow the issues to be tried. Plaintiffs do not intend to pester the Court, but respectfully note that it has been over 16 months since then, and nothing has been scheduled. Accordingly, Plaintiffs respectfully request a conference at the Court's earliest convenience, so that Plaintiffs can go to trial and collect the money that this Court has already determined they are owed.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

_____
D. Maimon Kirschenbaum

cc: Kevin Tung, Esq. (via ECF)

Exhibit A

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Diane Hester
D. Maimon Kirschenbaum
Matthew D. Kadushin
Amy Zobel
Michael D. Palmer
Denise A. Schulman

Counsel:
Michael DiChiara*
*Also admitted in NJ & MA

233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

February 13, 2012

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Widjaja et al. v. Kang Yue USA Corporation et al.**
     **Civil Action No.: 09-cv-02089-RRM-CLP**

Dear Judge Mauskopf,

We represent Plaintiffs in the above-captioned matter and we write respectfully to request a conference with the Court and the parties. The purpose of our request is clarification of this Court's Order of September 26, 2011 granting summary judgment in favor of Plaintiffs. While Plaintiffs see the relief set forth in the Order as perfectly clear, it is apparent that Defendants do not understand the Order. In the pre-trial order submitted after the Court's Order (attached as "Exhibit A"), Defendants ignore the Court's Order almost in its entirety. We are confident that a conference will result in complete agreement between the parties as to damages ending all unresolved matters in the case.[1]

The Court ordered that Defendants pay Plaintiffs damages for the following violations:[2]

1. the tip credit that Defendants wrongly applied to their minimum wage, *i.e.*, the difference between the federal minimum wage and the tip credit minimum wage;[3]

---

[1] While we are aware that the Court re-assigned the case to the Magistrate Judge for all pre-trial issues, since the issues we here address involve the interpretation of this Court's order, we believe it would be appropriate to raise this matter before Your Honor.
[2] Plaintiffs' list of damages in the Proposed Pre-Trial Order contains a few minor errors. We therefore refer the Court to the accurate list set forth herein.

1

2. the full 11.5% that Defendants withheld from Plaintiffs' tips through August 2009;[4]

3. the full 7.65% that Defendants withheld from Plaintiffs wages through August 2009;[5]

4. the amount that Mr. Utama was forced to share with Sushi Chef Alex Yeh between August 2009 and December 2009;[6]

5. liquidated damages under the FLSA and New York Labor Law, *i.e.*, double damages under the FLSA and 25% under New York Labor Law.[7]

Plaintiffs' portion of Section 5 of the Joint Proposed Pre-Trial Order lays out the precise breakdown of these damages consistent with this Court's Order. In their submission, however, Defendants' blithely omit the bulk of the relief ordered. This chart sets forth the relief the Court awarded as compared to Defendants' calculations:

| Damages Awarded | Defendants Proposed Pre-Trial Order |
|---|---|
| Tip Credit Damages | Omitted |
| 11.5% of withheld tips | Defendants only accounted for 3.85% of withheld tips |
| 7.65% of withheld wages | Acknowledged |
| Amount Mr. Utama was forced to share Sushi Chef Yeh | Omitted |
| Liquidated damages under the FLSA and New York Labor Law penalties | Omitted |

Defendants' refusal to acknowledge the relief set forth in the Order is the only factor preventing a complete and quick pre-trial resolution. Most significantly, the majority of the damages in this case is attributable to the tip credit and liquidated damages which the court unequivocally awarded Plaintiffs. The remaining outstanding damages are minor and Plaintiff would likely concede to Defendants calculations on these matters so that there would be nothing left for a finder of fact to decide. Accordingly, we respectfully

---

[3] *Widjaja v. Kang Yue USA Corp.*, 2011 U.S. Dist. LEXIS 109007 (E.D.N.Y. Sept. 26, 2011), at *23 ("Therefore, the Court finds that defendants' retention of plaintiffs' tips in the guise of "withholding" precludes defendants from invoking the "tip credit," and therefore violates the FLSA and New York Labor Law as a matter of law.") and at *17 ("Therefore, the Court finds that Yeh is an "employer" for purposes of New York Labor Law and the FLSA, and, therefore, defendants violated the tip credit and minimum wage provisions of the FLSA and New York Labor Law when they required Utama to share tips with Yeh for the period following August 10, 2009.").

[4] *Id.* at *6 ("It is undisputed that defendants did not forward the 7.65% deductions to the Internal Revenue Service...") and at *28 ("Therefore, the Court finds that defendants' retention of 3.85% of plaintiffs' credit card tips was improper under the FLSA and New York Labor Law because defendants have failed to adduce more than a scintilla of evidence supporting their entitlement to the deduction as reasonably necessary to compensate for credit card processing fees.").

[5] *Id.*

[6] *Id.* at *16 ("Here, defendants' undisputed testimony establishes that Yeh is an "employer," such that the sharing of tips with him violated the FLSA and New York Labor Law.").

[7] *Id.* at *32 ("Accordingly, the Court finds that Plaintiffs are entitled to liquidated damages under the FLSA and New York Labor Law...").

2

request that the Court schedule a conference where any perceived ambiguities relating to the Order can be clarified.

Respectfully submitted,

D. Maimon Kirschenbaum

(Enclosures)
Cc:   Kevin K. Tung, Esq

3