# KEVIN KERVENG TUNG, P.C.

*Attorneys at Law*

136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633
Facsimile (718) 939-4468

Kevin K. Tung *
Lu He
Wei Sun
Kenji Fukuda
Helen Wu
Andrew D. Solomon *

Song Chen
Shengming Shi
Ge Li
Jia Lei
Zheng Gao
Mengyao Wang
Cong Nie

Also Admitted In New Jersey

Writer's E-Mail:
ktung@kktlawfirm.com

April 12, 2014

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Widjaja et. al. v. Kang Yue USA Corporation et. al.
      Civil Action No.: 09-cv-02089-RRM-CLP

Dear Hon. Mauskopf:

First of all, I must apologize for my failure to appear at a conference held on April 10, 2014, because I honestly do not know or do not remember that there was a conference scheduled for April 10, 2014. I can only recall the events based on review of the documents.

My calendar book does not have that conference penciled in. (Exhibit "A") Nor was I aware of the conference on April 10. Otherwise I would have requested an adjournment or have an associate appear, because at the same time I had an immigration court hearing scheduled a long time ago before an immigration judge in New York City. (Exhibit "B")

I believe it all started when I first missed the e-mail dated March 26, in which the Court adjourned the conference to April 10 at 2:30 pm and in the mean time directed the defendant to file a letter with the court responding to all issues raised in plaintiff's letters [60] and [61] by April 2. As the managing attorney of a firm with 16 employees, I typically receive about 30 to 40 e-mails a day. I must have overlooked that e-mail.

The March 26 Order also asked counsel to confer to ensure that all parties are aware of the new date and time of the conference. I never received a call from opposing counsel to confer that there would be a conference on April 10.

      The fact that I overlooked the March 26 e-mail can be further supported with the fact that your law clerk, Jarrod Schaeffer, called my office and told me that the deadline for the response letter was passed on April 3. I remembered I told him that I would do it before the end of day of April 3. Because this case was dormant for almost two years, I spent all evening locating the file folder and could not schedule a conference with the client to discuss the response until the following day. On April 4, I called your Mr. Schaeffer in the morning and explained to him that I was not able to complete the response letter by the end of April 3 and that I would do my best to complete the letter by April 4. A Court order was then issued on April 4, directing the defendant to file the letter by the end of business day. I obeyed the April 4 Order to file the letter. In the April 4 Order, there was no mention of the conference of April 10, 2014. (Exhibit "C")

      The contents of my April 4 letter further supports that I was not aware of the April 10 conference, because I thought the conference was not necessary, which had been requested by plaintiffs in their letters. After I reviewed the judge's decision with clients, they agreed to the determination of the Court. I stated in the letter that "[w]e are not objecting to hold a conference. However, we do not think it is necessary." If I was aware that a conference had been scheduled, I would ask the court to cancel the conference or at least ask the court to adjourn the conference until the plaintiffs would have a chance to respond my letter of April 4. (Exhibit "D") I was waiting for a response from plaintiffs until I saw the minute entry for the conference on April 11 and the Order to Show Cause issued by the Court.

      I did not appear for the conference, because I was not aware of it. I had no intention to ignore Court's order. In fact, the plaintiffs' attorney had missed at least two appearances for conference or settlement conference in the past. When the opposing counsel failed to appear in person, the clerk for the court called his office and the Court let him to appear by telephone. Both times, the plaintiffs' attorney was not sanctioned. I only missed this conference. I asked my office staff; no one told me that the court had called. Otherwise, I would be paged to call in from my cell phone. I am not asking for excuse.

      Once again, I apologize for not appearing on April 10. I will make sure that I appear every time in the future for conference or other matters.

                                                                              Very truly yours,

                                                                              Kevin K. Tung

**Exhibit "A"**

| MAY 2014 | | | | | | | JUNE 2014 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S | S | M | T | W | T | F | S |
|   |   |   |   | 1 | 2 | 3 | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 | 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 | 29 | 30 | | | | | |

# APR. 7 - 13
Week 15

## THURSDAY 10
100/265

- 9 Queens U.T. (Song)
- 2:00 Hearing NY12-702
- 3 2:30
- 5 放水同抛 (unclear Chinese)

## FRIDAY 11
101/264

- 8 Closing of Prince St Office
- 9:30 Red Lion v. Alza, et al
  Oral Argument.
  Bergen County Superior Ct.
  10 Main Street, Hackensack NJ 07601
  Room 215.
  (Adjourned from 3/28/14)
- 2:00 P.M. Mr. P.'s meeting in our
- 3 NJ 42 miles

## SATURDAY 12
102/263

- 12 2:00 P.M. Ellen Huang.

## Palm Sunday — SUNDAY 13
103/262

- 1 11:00 Appt. for Hyatt legal client

## APR. 7 - 13
Week 15

| MARCH 2014 | APRIL 20 |
|---|---|
| S M T W T F S | S M T W |
|                 1 |    1 2 |
| 2 3 4 5 6 7 8 | 6 7 8 9 |
| 9 10 11 12 13 14 15 | 13 14 15 16 |
| 16 17 18 19 20 21 22 | 20 21 22 23 |
| 23 24 25 26 27 28 29 | 27 28 29 30 |
| 30 31 | |

### 7 MONDAY 97/268

8 Mei Song's Trial
9 Hon Kimberly O'corner.
10:00 Yang Yan Ping
11
12

1
2:00 Mr. Pi meeting with board KKT office ~~(crossed out)~~
3
4
5

### 8 TUESDAY 98/267

8
9
10
11
12

1
2
3
4
5:00 Yao's traffic Trial Adj
NJ 13-028

### 9 WEDNESDAY 99/266

8 Song Mei's Trial
9
10
11
12

1
2
3
4
5

**Exhibit "B"**

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL., RM1237
NEW YORK, NY   10278

RE:  HUANG TSAO, TSAI LUAN
FILE: A099-261-751                         DATE: _Sept. 19, 2013_

TO:       LAW OFFICE OF
          ~~CHENG, WEN-HSIEN~~   *She was my law clerk and left the firm in 2013.*
          136-20 38 AVE., #3D
          FLUSHING, NY   11354

     Please take notice that the above captioned case has been scheduled for a ~~Master~~/Individual hearing before the Immigration Court on _April 10, 2014_ at _2:00 PM_ at

                         26 FEDERAL PLZ 12TH FL., RM1237, 14th FL. COURTROOM #5
                         NEW YORK, NY   10278

     You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
     1) You may be taken into custody by the Department of Homeland
Security and held for further action.
     2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act.  An order of removal will be entered against
you if the Department of Homeland Security established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
NEW YORK, NY THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A List of Free Legal Service Providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
OR 240-314-1500.

Alien Number: 099-261-751          Alien Name: HUANG TSAO, TSAI LUAN

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(✓) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.
**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: 9/19/13
Immigration Judge: _PUM_          or Court Clerk: _____

---
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [✓] ALIEN [ ] ALIEN c/o Custodial Officer [✓] ALIEN'S ATT/REP [ ] DHS
DATE: 9/19/13 BY: COURT STAFF _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

N6

**Exhibit "C"**

| | |
|---|---|
| Subject: | Activity in Case 1:09-cv-02089-RRM-CLP Widjaja et al v. Kang Yue USA Corporation et al Scheduling Order |
| From: | ecf_bounces@nyed.uscourts.gov (ecf_bounces@nyed.uscourts.gov) |
| To: | nobody@nyed.uscourts.gov; |
| Date: | Friday, April 4, 2014 9:39 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 4/4/2014 at 9:39 AM EDT and filed on 4/4/2014
**Case Name:**    Widjaja et al v. Kang Yue USA Corporation et al
**Case Number:**    1:09-cv-02089-RRM-CLP
**Filer:**
**Document Number:** No document attached

**Docket Text:**
ORDER: On March 26, 2014, the Court directed defendants to file, on or before April 2, 2014, a letter responding to all issues raised in plaintiffs' letters (Doc. Nos. [60] & [61]). No letter was filed by that date. Defendants are directed to file their letter no later than close of business today. Ordered by Judge Roslynn R. Mauskopf on 4/4/2014. (Schaeffer, Jarrod)


**1:09-cv-02089-RRM-CLP Notice has been electronically mailed to:**

Kevin K. Tung   ktung@kktlawfirm.com

Charles E. Joseph   charles@jhllp.com

Daniel Maimon Kirschenbaum   maimon@jhllp.com

**1:09-cv-02089-RRM-CLP Notice will not be electronically mailed to:**

**Exhibit "D"**

# KEVIN KERVENG TUNG, P.C.

*Attorneys at Law*

| | | |
|---|---|---|
| Kevin K. Tung * | | Song Chen |
| Lu He | | Shengming Shi |
| Wei Sun | 136-20 38th Avenue, Suite 3D | Ge Li |
| Kenji Fukuda | Flushing, New York 11354 | Jia Lei |
| Helen Wu | (718) 939-4633 | Zheng Gao |
| Andrew D. Solomon * | Facsimile (718) 939-4468 | Mengyao Wang |
| | | Cong Nie |

Also Admitted In New Jersey

Writer's E-Mail:
ktung@kktlawfirm.com

April 4, 2014

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Widjaja et. al v. Kang Yue USA Corporation et. al.
     Civil Action No.: 09-cv-02089-RRM-CLP

Dear Hon. Mauskopf:

We are the attorneys for the defendants. I am writing in response to the plaintiffs' letters dated February 13, 2012 and June 27, 2013.

We are not objecting to hold a conference. However, we do not think it is necessary, because the plaintiffs have conceded to the calculations made by the defendants. A copy of the calculations made by the defendants is attached herewith also.

In addition, defendants did provide credit card company's agreement to the plaintiffs before. A copy of the credit card company agreement is attached herewith again.

Therefore, the defendants will issue a check to pay $749.86 for withholding taxes deducted for all plaintiffs and $334.90 for credit card company's fees deducted. The check will be made payable to D. Maimon Kirschenbaum As attorney, if we do not hear objections.

Very truly yours,

Kevin K. Tung