JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum

32 Broadway
Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

August 25, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Widjaja et al. v. Kang Yue USA Corporation et al.
Civil Action No.: 09-cv-02089-RRM-CLP

Dear Judge Mauskopf:

We represent the Plaintiffs in the above-captioned matter.  I write to address the three issues for which the Court sought clarification in its August 10, 2015 Order.

1. **Why the tip amounts that Plaintiffs admittedly received should not be accounted for in the damage calculation**

In Defendants' April 30, 2014 submission, they state that "the Court never ruled that the tips on top of the base salary received by the plaintiffs shall not be counted toward the calculations of the minimum wages actually received by Plaintiffs."

Defendants inappropriately seek to have the tips that Plaintiffs received supplement Defendants' minimum wage obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), §§ 650 *et seq.*  In other words, Defendants are seeking the benefit of a tip credit.  Under certain circumstances, the FLSA and NYLL  "permit an employer to pay a tipped [employee] a cash wage that is lower than the statutory minimum wage…the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. This allowance is known as a 'tip credit.'" *Salinas v. Starjem Rest. Corp.,* No. 13 Civ. 2992, 2015 U.S. Dist. LEXIS 106154, at *54 (S.D.N.Y. Aug. 12, 2015) (internal citations and quotation marks omitted).

An employer can apply a tip credit and utilize tips received to supplement the minimum wages only where "all tips received by such employee have been retained by the employee."  29 U.S.C. § 203(m); *see also Azeez v. Ramaiah*, No. 14 Civ. 5623, 2015 U.S. Dist. LEXIS 46574, at *12 (S.D.N.Y. Apr. 9, 2015) ("[T]he employer (1) must inform the employee of the tipped minimum-wage provisions, and (2) may not retain any portion of the employee's tips or distribute them to non-tipped employees.  If an employer violates

either of these provisions, he is not entitled to claim a tip credit and must pay the full minimum-wage rate.") (quoting FLSA).

Similarly, "an employer may not avail itself of the tip credit if it requires tipped employees to share their tips with employees who do not 'customarily and regularly receive tips.' Thus, an employer loses its entitlement to the tip credit where it requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011).

In its September 26, 2011 decision granting partial summary judgment in favor of Plaintiffs, the Court found that Defendants are not entitled to any tip credits, because they inappropriately retained portions of Plaintiffs' tips. *Widjaja v. Kang Yue USA Corp.*, No. 09 CV 2089, 2011 U.S. Dist. LEXIS 109007, at *22 (E.D.N.Y. Sept. 26, 2011) ("[T]he Court finds that defendants' retention of plaintiffs' tips in the guise of 'withholding' precludes defendants from invoking the 'tip credit,' and therefore violates the FLSA and New York Labor Law as a matter of law."). For Plaintiff Utama, the tip credit does not apply for the additional reason that was required to share tips with management. *See id.* ("[T]he Court finds that Yeh is an 'employer' for purposes of New York Labor Law and the FLSA, and, therefore, defendants violated the tip credit and minimum wage provisions of the FLSA and New York Labor Law when they required Utama to share tips with Yeh for the period following August 10, 2009.").

In *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 349 (W.D.N.Y. 2014), the Court rejected an argument almost identical argument to defendants' argument here:

> The Court is unpersuaded by Defendants' position. The purpose of the regulatory scheme is to set forth the conditions pursuant to which an employer may count tips as part of wages. Accepting Defendants' argument would effectively undermine this regulatory goal. The cases previously discussed hold that where an employer fails to follow the regulations, it may not receive credit for tips. In particular, in *Lanzetta* [*v. Florio's Enters.*, 763 F. Supp. 2d 615 (S.D.N.Y. 2011) (Chin, J.)], it was undisputed that the plaintiff "earned significant tip income waiting tables," and the defendant took the position that plaintiff had actually received "more than the minimum wage ten times over." 763 F. Supp.2d at 623. Nevertheless, the *Lanzetta* court held that the plaintiff was entitled to recover the regular minimum wage rate. *Id.* at 623-24. As such, Defendants are not entitled to a set-off for tips actually received by Ms. Raymond.

As set forth above, Defendants were not entitled to avail themselves of any tip credits against the full minimum wage owed Plaintiffs. Therefore, Plaintiffs are entitled to recover the difference between what they were paid and the full minimum wage, as calculated in Plaintiffs' April 25, 2014 submission. *See Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 7770, at *53 (S.D.N.Y. Feb. 1, 2007) (Lynch,

J.) ("[P]laintiffs are entitled to recover the difference between the full minimum wage and the reduced hourly wage they were paid because of the tip credit allowance that the defendants took."); *Chu Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 231 (S.D.N.Y. 2002) (finding defendants "liable for the difference between the full federal hourly wage … and the hourly wages actually paid to the plaintiffs for the hours they worked"); *see also Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635, 2011 U.S. Dist. LEXIS 55771, at *16 (S.D.N.Y. May 2, 2011) ("Because the defendant compelled the plaintiffs to share their tips with employees who did not meet this definition, the "[p]laintiffs are [] entitled to the return of the unlawful deductions made from their tips during the limitations period," and accordingly will be credited with those lost tips in the calculation of their damages.) (quoting *Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010)).

2. **Why the 7.65% that was wrongfully withheld is counted both as part of the 11.5% unlawfully retained from tips in Section (B)(1) of Plaintiffs' letter, as well in the FICA deductions referred to in Section (C)**

The 7.65% accounted for in Section (B)(1) of Plaintiffs' letter reflect deductions that Defendants made from Plaintiffs' tips. *Widjaja*, 2011 U.S. Dist. LEXIS 109007, at *21-22 ("Defendants' failure to forward the amounts withheld, therefore, amounts to a naked retention of plaintiffs' tips, in violation of the FLSA and New York Labor Law.") Defendants themselves, in a spreadsheet attached as Exhibit D to Plaintiffs' letter dated April 25, 2014, calculated that 3.85% of the tips at issue totaled $1,231.  Extrapolating outward to the full 11.5% that Defendants retained and to which Plaintiffs are entitled under Your Honor's decision, the full amount is $3,677.00, as set forth in Plaintiffs' letter.

The 7.65% reductions accounted for in Section C of Plaintiffs' letter reflect 7.65% of Plaintiffs *wages* that Defendants retained from Plaintiffs' wages without remitting to the IRS. This retention is in addition to the retention of 7.5% of the tips mentioned above. To be sure, Defendants admit to this reduction from wages and themselves calculated the 7.65% figure in paragraphs 11-12 of Johnson Chen's December 8, 2010 Affidavit and the attached spreadsheet , which was attached as Exhibit C to Plaintiffs' April 25, 2014 letter. Plaintiffs are entitled to recover this money under the law of this case. *Widjaja*, 2011 U.S. Dist. LEXIS 109007, at *21-22 ("[C]ourts have found that employers' failure to forward purported withholdings for employees earning the minimum wage required the employer to disgorge the withholdings to the employee, because the amount withheld could not be counted as wages.") (internal citation and quotation marks omitted).

3. **Authority for the claim that Plaintiffs are entitled to the wrongfully applied credit in addition to damages from the wrongfully withheld tips**

Several months ago, after a bench trial in the Southern District of New York, Judge Crotty pointedly addressed precisely this issue:

> Defendant argues Plaintiffs are not entitled to both tip credit damages and the disgorgement of misappropriated tips. Defendant's argument fails to appreciate that each remedy compensates a different tipping-related violation. First, Plaintiffs are entitled to tip credit damages since Defendant failed to provide the required disclosures under 29 U.S.C. § 203(m) and 12 NYCRR §§ 137-2.2 (repealed) and 146-1.3. In addition, Plaintiffs are entitled to the disgorgement of misappropriated tips since Defendant violated NY Lab. Law. § 196-d by including tip-ineligible employees in the tip pool.

A copy of Judge Crotty's Order is attached hereto as Exhibit A.

Where an employer is found to have violated the FLSA/NYLL tip credit provisions, courts routinely award the plaintiff the "tip-credit differential" plus any tips the employee is owed.  *See Tae Kim v. Kum Gang*, No. 12 Civ. 6344, 2015 U.S. Dist. LEXIS 39095, at *144-162 (S.D.N.Y. Mar. 19, 2015) (finding defendants not entitled to tip credit and awarding full minimum wage and retained tips); *Chan*, 2007 U.S. Dist. LEXIS 7770, at *69-70 (awarding both sets of damages); *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *15-16 (awarding full minimum wage without tip credit plus unlawfully retained tips ), *adopted by* 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. May 24, 2011); *Lanzetta*, 763 F. Supp. 2d at 624-626 (same).

For the foregoing reasons, we respectfully request that Your Honor enter Judgment in favor of Plaintiffs in accordance with Plaintiffs' April 25, 2014 letter.

Respectfully submitted,

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum

(Enclosures)
Cc:     Kevin K. Tung, Esq