```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LUIS ENCALADA, FLORINEL AILINCA,                            :
ALEJANDRO ANGELES, BENJAMIN                                 :
GUTIERREZ, JUNIOR PENO, MOISES                              :
PEREZ, KAREEN SANCHEZ, FEDERICO                             :
SCARRO, RADOLFO TELES and                                   :
ANGELICA VASQUEZ,                                           :     13 cv 1926 (PAC)
                                                            :
                              Plaintiffs,                   :
                                                            :     **SUMMARY ORDER**
              -against-                                     :
                                                            :
ANTONIO MAGLIULO,                                           :
                                                            :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-8-15

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 6, 2014, at the conclusion of a three day bench trial, the Court made the following findings of fact: (1) that Defendant was Plaintiffs' employer under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) that Plaintiffs were not paid for their hours worked under the FLSA and NYLL; (3) that Plaintiffs were not paid spread of hours; (4) that Plaintiffs were not given wage notices; (5) that Plaintiffs were not given tip pool notices; (6) that Mr. Lombardozzi and his assistant were part of the management and were ineligible to participate in Plaintiffs' tip pool, but that the "polisher" Plaintiffs were eligible to participate in Plaintiffs' tip pool; (7) that the "coat check" Plaintiffs were not Defendant's employees; and (8) that Defendant's violations were willful under NYLL.

Plaintiffs submitted their proposed damages calculations on November 12, 2014. Defendant objected to the calculations on November 26, 2014. For the reasons below, the Court accepts Plaintiffs' proposed calculations.

1

## DECISION

### I. Plaintiffs are entitled to liquidated damages under both the FLSA and NYLL

Defendant argues Plaintiffs cannot get liquidated damages under both federal and state law. While courts in this Circuit are split on this issue, the Court adopts the majority view that recovering liquidated damages under both statutes is appropriate since "[e]ach of the two liquidated damages provisions serves separate purposes on behalf of separate sovereigns." *Yu Y. Ho v. Sim Enterprises, Inc.*, 2014 WL 1998237, at *19 (S.D.N.Y. May 14, 2014); *compare Herman v. RSR Sec. Servs Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) ("Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA.") *with Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116-17 (N.Y. App. Div. 1st Dep't 1980) ("It is clear that liquidated damages as provided in [NY Lab. Law § 198] constitute a penalty."). Other courts disagree and label the compensatory/punitive distinction "semantic." *See Gortat v. Capala Bros.*, 949 F.Supp.2d 374, 381 (E.D.N.Y. 2013). Semantics to one side, however, Defendant nevertheless willfully violated two separate and independent statutes. Accordingly, the Court awards liquidated damages under federal law and New York law.[1]

### II. Plaintiffs are each entitled to $5000 for Defendant's failure to provide pay notices

Defendant argues Plaintiffs "failed to set forth a proper cause of action" since they each seek $5000 for Defendant's violation of NY Lab. Law. § 195. Def.'s Mem. in Opp. 7. First, Defendant contends that since § 195 does not provide monetary relief, a claim brought under this section must fail. Next, Defendant contends that each Plaintiff is limited to recovering a

---

[1] Although finding in favor of Plaintiffs, the Court rejects their claim that Defendant waived his argument by failing to "counter" Plaintiffs' submission in the Joint Pretrial Order that "[a] prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." Joint Pretrial Order 15 (citations omitted). Defendant offered his counter submission, stating "Plaintiffs can not recover twice for the same minimum wage/overtime violations under both Federal and State Law." Joint Pretrial Order 19 (citations omitted).

2

maximum of $2,500. Both arguments are meritless. Defendant violated § 195(1) (failing to provide pay notices) and § 195(3) (failing to provide wage statements); the remedies for these violations are outlined in § 198(1-b) and § 198(1-d) respectively. Since Plaintiffs were employed for over 50 weeks, each individual is entitled to the maximum remedy of $2,500 under each section, totaling $5,000 per Plaintiff. Nothing limits Plaintiffs to only recovering $2,500 in total.

### III. Plaintiffs are entitled to liquidated damages for Defendant's willful violation of NY Lab. Law § 196-d

Defendant argues Plaintiffs cannot get liquidated damages under NY Lab. Law § 196-d because (1) Mr. Mr. Lombardozzi, and his assistant, should have been eligible to participate in the tip pool; and (2) it is "virtually impossible to show" that Defendant's violation of § 196-d was willful. Neither argument is supported by the Court's clear rulings to the contrary. Defendant's arguments are rejected and the Court awards liquidated damages to Plaintiffs.

### IV. Plaintiffs are entitled to tip credit damages and disgorgement of misappropriated tips

Defendant argues Plaintiffs are not entitled to both tip credit damages and the disgorgement of misappropriated tips. Defendant's argument fails to appreciate that each remedy compensates a different tipping-related violation. First, Plaintiffs are entitled to tip credit damages since Defendant failed to provide the required disclosures under 29 U.S.C. § 203(m) and 12 NYCRR §§ 137-2.2 (repealed) and 146-1.3. In addition, Plaintiffs are entitled to the disgorgement of misappropriated tips since Defendant violated NY Lab. Law. § 196-d by including tip-ineligible employees in the tip pool.

3

## CONCLUSION

Accordingly, the Court accepts Plaintiffs' damages calculations. Plaintiffs' motion for attorneys' fees is due January 22, 2015. Defendant's response is due January 29, 2015, with Plaintiffs' reply due February 5, 2015.

Dated: New York, New York  
      January 8, 2015

SO ORDERED

*/s/ Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge

4