UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 1 1 2015 ★

BROOKLYN OFFICE

----------------------------------------------------------- X
             :

**JOHANES WIDJAJA, VICTOR UTAMA, and
AMPRI GUNARDI,**
             :

          Plaintiffs,      :

             :

      - against -      :

             :

**KANG YUE USA CORP. d/b/a MoCA ASIAN
BISTRO, and JOHNSON CHEN,**
             :

          Defendants.     :
----------------------------------------------------------- X

**MEMORANDUM DECISION AND
ORDER**

09 Civ. 2089 (AMD) (CLP)

**DONNELLY,** District Judge.

      The plaintiffs, formerly servers at MoCA Asian Bistro ("MoCA"), brought suit against

their employers for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, and New York Labor Law ("NYLL"), §§ 196-d and 650 *et seq.* On cross-motions for

summary judgment, the Honorable Roslynn Mauskaupf[1] held that the defendants violated the

FLSA and the NYLL. Widjaja v. Kang Yue USA Corp., No. 09-CV-2089 RRM CLP, 2011 WL

4460642, at *9 (E.D.N.Y. Sept. 26, 2011) (ECF No. 54). The parties seek further legal

clarification regarding damages. After reviewing the parties' submissions, and for the reasons

described below, I hold that the plaintiffs are entitled as a matter of law to damages for the

following: (a) the difference between the full minimum wage and the reduced hourly wage ("tip

credit damages"); (b) liquidated damages under the FLSA and the NYLL; and (c) illegally

---

[1] This case was reassigned to me on November 18, 2015.

retained tips. I do not, however, opine on the actual monetary value of the damages,[2] as there remain questions of fact appropriately reserved for trial.

## BACKGROUND[3]

The plaintiffs, servers at MoCA between September 2008 and December 2009, brought this putative class and collective action in May of 2009. The plaintiffs asserted that the defendants violated the Fair Labor Standards Act and New York Labor Law by improperly retaining portions of the plaintiffs' tips. Specifically, the plaintiffs charged that the defendants retained 11.5% of the plaintiffs' credit card tips—7.65% of which was purportedly withheld for tax purposes but never forwarded to the IRS, and 3.85% of which was supposedly retained to offset the cost of credit card processing fees. They also alleged that plaintiff Utama was compelled to share tips with an employer. Finally, the plaintiffs claimed that the defendants withheld FICA taxes from the plaintiffs' wages (in addition to the withholding from their credit card tips) without forwarding the money to the IRS.

The parties cross-moved for summary judgment in late 2010, (ECF Nos. 48, 52), and Judge Mauskopf issued an order granting the plaintiffs' motion in its entirety with respect to the plaintiffs Widjaja, Utama, and Gunardi.[4] Judge Mauskopf found that the defendants violated the tip credit and minimum wage provisions of the FLSA and NYLL by requiring Utama to share tips with a manager, by retaining a percentage of the plaintiffs' tips in the guise of "withholding" for tax purposes, and by retaining a percentage of the plaintiffs' credit card tips purportedly for

---

[2] Nor do I address the amount of time in December 2009 that Utama worked, which the plaintiffs represent was not accounted for by the defendants, nor the FICA deductions from the plaintiffs' *wages* (as opposed to those deducted from the credit card tips).

[3] The facts are fully described in Judge Mauskopf's decision on the cross-motions for summary judgment. Widjaja, 2011 WL 4460642.

[4] The court found that the plaintiff Ernie Ng was paid in excess of the hourly minimum wage, and as such, the court granted the defendants' motion seeking summary judgment on Ng's federal and state law claims. Widjaja, 2011 WL 4460642, at *3 n.6.

credit card processing fees. Judge Mauskopf held that the plaintiffs are entitled to liquidated damages under the FLSA and the NYLL. Id. at *9.

Following that ruling on liability, the plaintiffs requested further clarification regarding the issue of damages. Judge Mauskopf requested supplemental briefing to address the following questions: 1) why the tip amounts that the plaintiffs actually received should not be accounted for in the damage calculation; 2) why the 7.65% that was wrongfully withheld is counted both as part of the 11.5% unlawfully retained from plaintiffs' tips as well as in the FICA deductions; and 3) why the plaintiffs should receive damages from the wrongfully applied tip credit in addition to damages from the wrongfully withheld tips. The parties have supplemented their briefing, and the issue of what damages are due, as a matter of law, is now before the court.

## DISCUSSION

Both the FLSA and the NYLL allow an employer to take advantage of the "tip credit"—to pay a tipped employee a wage lower than the hourly minimum wage so long as, among other criteria, the employee's tips and the cash wage taken together are at least equal to the hourly minimum wage. Salinas v. Starjem Rest. Corp., No. 13 CIV. 2992 AT, 2015 WL 4757618, at *15 (S.D.N.Y. Aug. 12, 2015). In order to avail itself of the tip credit, an employer "may not retain any portion of the employee's tips or distribute them to non-tipped employees." Azeez v. Ramaiah, No. 14 CIV. 5623 PAE, 2015 WL 1637871, at *4 (S.D.N.Y. Apr. 9, 2015) (citing 29 U.S.C. § 203(m)); see also Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 240 (2d Cir. 2011) ("Under the FLSA an employer may not avail itself of the tip credit if it requires tipped employees to share their tips with employees who do not 'customarily and regularly

receive tips.'"). Judge Mauskopf held that the defendants were not entitled to take the tip credit. Widjaja, 2011 WL 4460642, at *4, *6. This determination dictates much of the damages result.[5]

### a. Tip credit damages

The defendants argue that the plaintiffs' damages recovery should be reduced by the value of the tips that the plaintiffs actually received. This argument fails. One of the purposes of the FLSA and NYLL regulatory schemes is to dictate the circumstances under which an employer may count tips as part of wages. See Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329, 349 (W.D.N.Y. 2014) reconsideration denied, No. 13-CV-06455 EAW, 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014). Permitting the defendants to reduce the plaintiffs' damages by counting tips as part of wages would "effectively undermine this regulatory goal." Id.; see also Chan v. Sung Yue Tung Corp., No. 03 CIV. 6048 (GEL), 2007 WL 313483, at *19 (S.D.N.Y. Feb. 1, 2007), abrogated on other grounds by Barenboim v. Starbucks Corp., 698 F.3d 104 (2d Cir.2012) ("Employers who wish to qualify for this credit must comply strictly with these requirements. If they fail to do so, they must pay the full minimum hourly wage, not the reduced amount permitted when the tip credit is available.").

"Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage." Chung v. New Silver Palace Rest., Inc., 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002). Here, the defendants made that choice. They retained a portion of the plaintiffs' tips. Thus, the plaintiffs are entitled to the difference between the full minimum wage and the reduced hourly wage they were paid.

---

[5] In this opinion, I do not address the December 2009 time that Utama worked, which the plaintiffs represent was not accounted for, or the FICA deductions from the plaintiffs' *wages* (as opposed to those deducted from the credit card tips).

### b. *Liquidated damages under the FLSA and the NYLL*

Judge Mauskopf ruled that the plaintiffs are entitled to liquidated damages under the FLSA and NYLL, and thus that the defendants violated both federal and state law in failing to pay the plaintiffs the statutorily required minimum wage. Accordingly, the plaintiffs may recover liquidated damages under both provisions. Id.; see Wicaksono v. XYZ 48 Corp., No. 10 CIV. 3635 LAK JCF, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) report and recommendation adopted, No. 10 CIV. 3635 LAK, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) ("the two liquidated damages provisions 'serve fundamentally different purposes'"); see also Kim v. Kum Gang, Inc., No. 12 CIV. 6344 MHD, 2015 WL 2222438, at *29 (S.D.N.Y. Mar. 19, 2015) ("plaintiffs may recover liquidated damages under both the FLSA and the Labor Law.").

### c. *Illegally retained tips*

Judge Mauskopf found that the defendants illegally retained the plaintiffs' tips by requiring the plaintiff Utama to share tips with an employer, withholding taxes from the plaintiffs' credit card tips, and by retaining 3.85% of the credit card tips to compensate for credit card processing fees. Id. at *8. The NYLL creates a cause of action for misappropriation of tips.[6] See Azeez, No. 14 CIV. 5623 PAE, 2015 WL 1637871, at *7 (citing N.Y. Lab. Law § 198). The plaintiffs are "entitled to recover the amount of tips that the defendants illegally retained." Chan, No. 03 CIV. 6048 (GEL), 2007 WL 313483, at *19.

---

[6] Several district courts have held that improper retention of tips does not create a private cause of action under the FLSA. See, e.g., Azeez, No. 14 CIV. 5623 PAE, 2015 WL 1637871, at *7 (collecting cases). However, the plaintiffs brought suit under the NYLL, in addition to the FLSA, which does afford relief.

## CONCLUSION

For the reasons stated above, the plaintiffs are entitled to the difference between the full minimum wage and the reduced wage that they were paid, liquidated damages under the FLSA and the NYLL, and the amount of tips that the defendants illegally retained.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      December 11, 2015