UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JOHANES WIDJAJA, VICTOR UTAMA, and
AMPRI GUNARDI,

                            Plaintiffs,

                  - against -

KANG YUE USA CORP. d/b/a MoCA ASIAN
BISTRO, and JOHNSON CHEN,

                         Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

09 Civ. 2089 (AMD) (CLP)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JAN 2 5 2016  ★

BROOKLYN OFFICE

**DONNELLY,** District Judge.

      The plaintiffs, formerly servers at MoCA Asian Bistro, filed suit against their employers for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 196-d and 650 *et seq.* They now seek a determination of the monetary value of damages, based on an application of the law of this case (as set forth in my December 11, 2015 Order,[1] and Judge Roslynn Mauskopf's September 26, 2011 Order on cross-motions for summary judgment[2]) to the undisputed facts. Pls.' Letter Motion for Summ. J., Jan. 11, 2016 (ECF No. 75) ("Pls.' Letter"). The defendants have not opposed the plaintiffs' motion, and their time to do so has expired. For the reasons stated below, I find that the plaintiffs are entitled to **$13,575.35**, representing the value of damages for the categories of claims about

---

[1] Widjaja v. Kang Yue USA Corp., No. 09-cv-2089AMDCLP, 2015 WL 8665432 (E.D.N.Y. Dec. 11, 2015) (ECF No. 73).
[2] The facts are fully described in Judge Mauskopf's decision on the cross-motions for summary judgment. Widjaja v. Kang Yue USA Corp., No. 09-CV-2089 RRM CLP, 2011 WL 4460642 (E.D.N.Y. Sept. 26, 2011) (ECF No. 54).

which the facts are undisputed. Because this does not completely resolve this case, the parties are reminded to file a revised joint pretrial order by February 3, 2016. Trial is set for February 17, 2016.

## DISCUSSION

In their motion for partial summary judgment, the plaintiffs request a decision regarding the value of: 1) the tip credit for the hours that they worked; 2) liquidated damages under the FLSA and NYLL; 3) FICA deductions that the defendants withheld but did not pay to the IRS; 4) retained credit card tips; and 5) prejudgment interest.

### *1. Standard of Review*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there is no genuine issue of material fact. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In deciding whether there is a real factual dispute, a court is to view the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. *Id.* Summary judgment is improper if the record taken as a whole could lead a rational fact-finder to find for the non-moving party. *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000).

### *2. Tip credit damages*

The plaintiffs are entitled to the difference between the full minimum wage, as of the date of their employment,[3] and the reduced hourly wage that they were paid by the defendants ("tip credit differential"). For purposes of their motion the plaintiffs used the lowest applicable

---

[3] The plaintiffs worked for the defendants, for varying lengths of time, between September 2, 2008 and January 11, 2009.

minimum wage, which was $6.55 under the FLSA.[4] The CEO of MoCA, defendant Johnson

Chen, testified at his May 10, 2010 deposition that MoCA paid the plaintiffs an hourly wage of

$4.65.[5] Accordingly, the tip credit differential was $1.90.

With respect to the hours that the plaintiffs worked, Chen testified by affidavit on

December 8, 2010 to the following: Utama was paid for 1,565 hours of work;[6] Widjaja was paid

for 514.5 hours of work;[7] and Gunardi was paid for 160 hours of work.[8] By multiplying the

hours of work by the tip credit differential ($1.90), I find that the plaintiffs are entitled to the

following amounts, representing the tip credit for the hours that they worked for the defendants:

- Utama is entitled to $2,973.50;

- Widjaja is entitled to $977.55; and

- Gunardi is entitled to $304.00.

### 3. *Liquidated damages under the FLSA and the NYLL*

The plaintiffs are entitled to liquidated damages under both the FLSA and the NYLL.

*Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-AMD-CLP, 2015 WL 8665432, at *2

(E.D.N.Y. Dec. 11, 2015) (ECF No. 73). Under the FLSA, the plaintiffs are entitled to

liquidated damages amounting to 100% of their compensatory damages. 29 U.S.C. § 216(b)

("An employer who violates [the FLSA] . . . shall be liable to the employee . . . in the amount of

their unpaid minimum wages . . . and in an additional equal amount as liquidated damages.").

Additionally, the plaintiffs are entitled to liquidated damages under the NYLL of 25% of their

---

[4] The 2007 amendments to the Fair Labor Standards Act increased the minimum wage to $6.55 per hour effective July 24, 2008; and $7.25 per hour effective July 24, 2009. 29 U.S.C.A. § 206(a); *see also* "History of Changes to the Minimum Wage Law," Wage and Hour Div. of the U.S. Dep't of Labor, http://www.dol.gov/whd/minwage/coverage.htm. The plaintiffs worked for the defendants, for varying lengths of time, between September 2, 2008 and January 11, 2009.
[5] Chen Dep. 15:9–10, attached to Kirschenbaum Decl. as Ex. A.
[6] Chen Aff. ¶ 11(d), attached to Kirschenbaum Decl. as Ex. B.
[7] Chen Aff. ¶ 11(a), attached to Kirschenbaum Decl. as Ex. B.
[8] Chen Aff. ¶ 11(c), attached to Kirschenbaum Decl. as Ex. B.

compensatory damages. N.Y. Lab. L. § 663(1) (1967) ("In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails . . . an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due."). Thus, based on the above-described compensatory damages, each of the plaintiffs is entitled to the following in liquidated damages:

- Utama is entitled to an additional $3,716.88;

- Widjaja is entitled to an additional $1,221.94; and

- Gunardi is entitled to an additional $380.00.

### 4. FICA Deductions[9]

Chen testified that MoCA paid the plaintiffs $4.65 per hour,[10] and the company further reduced that wage by withholding 7.65% for FICA taxes,[11] which the defendants then failed to pay over to the IRS. *Widjaja v. Kang Yue USA Corp.*, No. 09-CV-2089 RRM CLP, 2011 WL 4460642, at *1 (E.D.N.Y. Sept. 26, 2011) (ECF No. 54) ("It is undisputed . . . that defendants did not forward the 7.65% deductions to the Internal Revenue Service . . . . Defendants admit that they did not forward the monies, instead depositing them in a bank account . . . (Chen Dep. at 11.)"). Judge Mauskopf held that this conduct violated the FLSA and the NYLL. *Id.* at *6. The plaintiffs are therefore entitled to both the amount withheld and liquidated damages.

In the February 1, 2012 joint pretrial order, the defendants conceded that the plaintiffs are entitled to the amounts wrongfully withheld:

- Utama is entitled to $533.62;

---

[9] "The law requires employers to withhold taxes from employee earnings to fund the Social Security and Medicare programs. These are called Federal Insurance Contributions Act (FICA) taxes." What are FICA and SECA taxes, Social Security Frequently Asked Questions, https://faq.ssa.gov/link/portal/34011/34019/Article/3815/What-are-FICA-and-SECA-taxes.
[10] Chen Dep. 15:9–10, attached to Kirschenbaum Decl. as Ex. A.
[11] Chen Aff. ¶ 7, attached to Kirschenbaum Decl. as Ex. B.

- Widjaja is entitled to $159.94; and

- Gunardi is entitled to $56.30.[12]

The plaintiffs are also entitled to liquidated damages for the above-described improper FICA deductions:

- Utama is entitled to an additional $667.03;

- Widjaja is entitled to an additional $199.93; and

- Gunardi is entitled to an additional $70.38.

### 5. Credit Card Tip Retention

The defendants wrongfully withheld 3.85% of the plaintiffs' tips, *Widjaja*, 2011 WL 4460642, at *8. Under the NYLL, the plaintiffs are entitled to recover the amount of tips that the defendants illegally retained. *Widjaja*, 2015 WL 8665432, at *3. Again, in the February 1, 2012 joint pretrial order, the defendants conceded an accounting of 3.85% of tips that were wrongfully withheld:

- Utama is entitled to $716.25;

- Widjaja is entitled to $314.94; and

- Gunardi is entitled to $199.82.

The liquidated damages provision under the NYLL applies to the misappropriation of tips.[13] Accordingly:

- Utama is entitled to an additional $179.06;

- Widjaja is entitled to an additional $78.74; and

- Gunardi is entitled to an additional $49.96.

---

[12] Joint (Proposed) Pretrial Order at 7, Feb. 1, 2012 (ECF No. 59); *see also* Defs.' spreadsheet, attached to Kirschenbaum Decl. as Ex. C.
[13] N.Y. Lab. Law § 198(1-a)

5

## 6. *Prejudgment Interest*

Prejudgment interest may be awarded for violations of state law, for which no FLSA liquidated damages have been assessed. *Avelar v. Ed Quiros, Inc.*, No. 13-cv-7017-ADS-AYS, 2015 WL 5664288, at *4 (E.D.N.Y. Sept. 24, 2015) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)); *see also Begum v. Ariba Disc., Inc.*, No. 12-cv-6620-DLC, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015) ("Under the NYLL, however, prejudgment interest may be awarded pursuant to the New York Civil Practice Law and Rules . . . in addition to liquidated damages."). In this case, the plaintiffs are entitled to prejudgment interest on the tip misappropriation damages.

The statutory annual interest rate is nine percent. N.Y. C.P.L.R. §§ 5001, 5004. Interest is calculated from the midway point between when the plaintiffs began and when they stopped working for the defendants, because the midway point is a "reasonable intermediate date" for purposes of calculating prejudgment interest. *Gargano v. Diocese of Rockville Ctr.*, 888 F. Supp. 1274, 1288 (E.D.N.Y. 1995) *aff'd*, 80 F.3d 87 (2d Cir. 1996). Based on the dates of employment provided by the defendants, the midpoint of Utama's employment was March 5, 2009, the midpoint of Widjaja's employment was November 6, 2008, and the midpoint of Gunardi's employment was October 23, 2008. By multiplying the misappropriated tip amounts by the 9% interest rate by the number of years from the midpoint of employment to the present,[14] I find that the plaintiffs are entitled to the following:

- Utama is entitled to an additional $442.05;

- Widjaja is entitled to an additional $203.62; and

- Gunardi is entitled to an additional $129.88.

---

[14] I take as true the plaintiff's representation regarding the value of the number of years from the midpoint to the present.

## CONCLUSION

For the reasons stated above, the plaintiffs are entitled to damages as set forth in the following tables:

| Plaintiff Utama | | | | | |
|---|---|---|---|---|---|
| Claim | Compensatory damages | FLSA liquidated damages | NYLL liquidated damages | Prejudgment interest | Total |
| Tip credit | $2,973.50 | $2,973.50 | $743.38 | $0.00 | $6,690.38 |
| FICA deductions | $533.62 | $533.62 | $133.41 | $0.00 | $1,200.65 |
| Tip misappropriation | $716.25 | $0.00 | $179.06 | $442.05 | $1,337.36 |
| Total | $4,223.37 | $3,507.12 | $1,055.84 | $442.05 | $9,228.38 |

| Plaintiff Widjaja | | | | | |
|---|---|---|---|---|---|
| Claim | Compensatory damages | FLSA liquidated damages | NYLL liquidated damages | Prejudgment interest | Total |
| Tip credit | $977.55 | $977.55 | $244.39 | $0.00 | $2,199.49 |
| FICA deductions | $159.94 | $159.94 | $39.99 | $0.00 | $359.87 |
| Tip misappropriation | $314.94 | $0.00 | $78.74 | $203.62 | $597.29 |
| Total | $1,452.43 | $1,137.49 | $363.11 | $203.62 | $3,156.64 |

| Plaintiff Gunardi | | | | | |
|---|---|---|---|---|---|
| Claim | Compensatory damages | FLSA liquidated damages | NYLL liquidated damages | Prejudgment interest | Total |
| Tip credit | $304.00 | $304.00 | $76.00 | $0.00 | $684.00 |
| FICA deductions | $56.30 | $56.30 | $14.08 | $0.00 | $126.68 |
| Tip misappropriation | $199.82 | $0.00 | $49.96 | $129.88 | $379.65 |
| Total | $560.12 | $360.30 | $140.03 | $129.88 | $1,190.33 |

7

| Summary of All Plaintiffs | | | | | |
|---|---|---|---|---|---|
| Plaintiff | Total compensatory damages | Total FLSA liquidated damages | Total NYLL liquidated damages | Total prejudgment interest | Total |
| Utama | $4,223.37 | $3,507.12 | $1,055.84 | $442.05 | $9,228.38 |
| Widjaja | $1,452.43 | $1,137.49 | $363.11 | $203.62 | $3,156.64 |
| Gunardi | $560.12 | $360.30 | $140.03 | $129.88 | $1,190.33 |
| Total | $6,235.92 | $5,004.91 | $1,558.98 | $775.55 | $13,575.35 |

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
January 25, 2016

8