UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

: 

**JOHANES WIDJAJA, VICTOR UTAMA, and
AMPRI GUNARDI,**

       Plaintiffs,

   **- against -**

**KANG YUE USA CORP. d/b/a MoCA ASIAN
BISTRO, and JOHNSON CHEN,**

       Defendants.

-------------------------------------------------------------- X

<u>**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**</u>

09 Civ. 2089 (AMD) (CLP)

**ANN DONNELLY,** District Judge.

   The plaintiffs, formerly servers at MoCA Asian Bistro ("MoCA"), brought this action

against their employers for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.*, and New York Labor Law ("NYLL"), §§ 196-d and 650 *et seq.*  Many of the parties'

disputes were decided in advance of the February 17, 2016 trial.  The Honorable Roslynn

Mauskopf[1] issued an order on cross-motions for summary judgment.[2]  In my December, 2015

decision, I addressed the categories of damages to which the plaintiffs were entitled as a matter

of law.[3]  In January of 2016, I ruled that the plaintiffs are entitled to **$13,575.35**, representing the

value of damages for the categories of claims about which the facts were undisputed.  Now,

---

[1] This case was reassigned to me on November 18, 2015.
[2] The facts are fully described in Judge Mauskopf's decision on the cross-motions for summary judgment.  *Widjaja v. Kang Yue USA Corp.*, No. 09-CV-2089-RRM-CLP, 2011 WL 4460642 (E.D.N.Y. Sept. 26, 2011) (ECF No. 54).
[3] *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-AMD-CLP, 2015 WL 8665432 (E.D.N.Y. Dec. 11, 2015) (ECF No. 73).

following a one day bench trial, I find that the plaintiffs are entitled to an additional **$6,906.10**,

such that the total damages award to which the plaintiffs are entitled is **$20,481.45**.

### FINDINGS OF FACT

1. Johanes Widjaja worked at MoCA from September of 2008 to January of 2009; he worked a total of 514.5 hours.

2. Ampri Gunardi[4] worked from October of 2008 to November of 2008; he worked a total of 160 hours.

3. Victor Utama worked at the restaurant from September of 2008 to sometime in December, 2009.[5]

4. Mr. Utama worked 1,565 hours from September of 2008 to September of 2009 (which excludes the time period described below).

5. The defendants did not account for the time Mr. Utama worked between September and December of 2009.

6. Because I find Mr. Utama's testimony that he worked until the end of December, 2009 credible, I credit the plaintiffs' representation that he worked a total of fourteen weeks from September 5, 2009 to mid-December of 2009.

7. Mr. Utama worked three to four days a week between September 2009 and December 2009. For the weeks during which he only worked three days, he worked three 6-hour shifts and one 5-hour shift, for a total of 23 hours a week.

8. Thus, for the fourteen weeks between September 2009 and December 2009, Mr. Utama worked an estimated 322 hours at MoCA.

9. MoCA paid the plaintiffs an hourly wage of $4.65.

10. The plaintiffs were paid in cash on a weekly basis.

11. The defendants withheld 7.65% from their cash wages, purportedly for payroll deductions, but did not forward these amounts to the IRS.

---

[4] Mr. Gunardi was not available to testify, as he moved to Asia several months before trial. The defendants raised their objection to Mr. Gunardi's absence for the first time on the day of trial, despite having previously been notified of his unavailability in the parties' January 29, 2016 signed joint pretrial order. I hold that the defendant waived any objection to Mr. Gunardi's absence and observe further that Mr. Gunardi's testimony was not necessary to the ultimate resolution of the outstanding issues.

[5] Mr. Utama testified that he worked into December 2009, but he did not recall the precise date that his employment at MoCA ended. The defendants represented that they first received Mr. Utama's social security number in November of 2009 and filed a W-2 for the period after, but the defendants provided no evidence of when precisely their employment relationship with him ended.

12. In addition to their cash hourly wage, the plaintiffs also received tips.

13. MoCA employees pooled their cash and credit card tips. At the end of each night, the defendants calculated the amount of tips earned. This information was publicized on a "tip sheet" which recorded the amounts of credit card and cash tips and the amounts withheld.

14. When the plaintiffs were paid out their tips from the pool, 11.5% of their credit card tips were withheld by the defendants. The defendants told the plaintiffs that the deductions were to cover credit card fees. The defendants did not deduct from the plaintiffs' cash tips.

15. The defendants represented that 3.85% of the credit card tips were deducted to cover the cost of credit card processing fees. This withholding totaled $1,231.01.

16. An additional 7.65% was deducted from credit card tips to purportedly cover FICA payroll taxes. The amounts deducted from the credit card tips was never forwarded to the IRS.

17. The defendants did not provide the plaintiffs with a wage statement explaining the tip credit.

## CONCLUSIONS OF LAW

1. The defendants were not entitled to take the tip credit. *Widjaja*, 2011 WL 4460642, at *4, *6.

### *New York Tip Credit Differential*

2. The federal hourly minimum wage was $6.55 until July 24, 2009 when it increased to $7.25. *Widjaja*, 2011 WL 4460642, at *3; *see* 29. U.S.C. § 206.

3. The state minimum wage was $7.15 until July 24, 2009, at which point it increased to $7.25. *See* N.Y. Lab. Law § 652(1).

4. So as not to create a difficult factual question, the plaintiffs agree to a computation of their damages assuming a constant New York minimum wage of $7.15.

5. During the relevant time period, New York State regulations required employers to provide notice of the tip credit to employees.[6] Under New York Labor Law, failure to

---

[6] "Prior to January 1, 2011, New York State regulations required notice of the tip credit to employees in three ways: (1) by posting a notice at the workplace summarizing minimum wage provisions . . . N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.3; (2) by furnishing employees a statement with each paycheck listing allowances claimed as part of the tip credit, *see id.* § 137-2.2; and (3) by maintaining weekly payroll records showing the allowances claimed, *see id.* § 137-2." *Cuzco v. F & J Steaks 37th St. LLC*, No. 13-cv-1859-PAC, 2014 WL 2210615, at *2 (S.D.N.Y. May 28, 2014).

provide this notice entitles a plaintiff to a tip credit calculated using the New York minimum wage. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011) (defendants were not entitled to New York tip credit because they did not provide the plaintiffs with proper wage statements).

6. For purposes of damages under the NYLL, the plaintiffs may claim tip credit damages based on the New York minimum wage of $7.15.

7. Thus, the plaintiffs are entitled to an additional $0.65 per hour (in addition to the $1.90 differential already awarded for NYLL damages in the January 25, 2016 Order), as set forth in the table below:

| Plaintiff | Hours worked | Tip credit differential | Compensatory damages | Prejudgment Interest[7] |
|---|---|---|---|---|
| Utama | 1565 | $0.65 | $1,017.25 | $627.82 |
| Widjaja | 514.5 | $0.65 | $334.43 | $216.21 |
| Gunardi | 160 | $0.65 | $104.00 | $67.60 |
| Total | | **$1,455.68** | **$911.63** | **$363.92** |

8. Accordingly, the plaintiffs are entitled to an additional **$2,731.23** in tip credit damages.

### *Mr. Utama's Extra Hours*

9. During the period of time between September and December of 2009, the federal and state minimum wages were both $7.25 per hour. *See* 29 U.S.C. § 206; N.Y. Lab. Law § 652(1).

10. Therefore, the appropriate tip credit differential for that time was $2.60.

11. Accordingly, Mr. Utama is entitled to extra tip credit damages of **$837.20**. The FLSA liquidated damages are an additional **$837.20**, and the NYLL liquidated damages (25%) are **$209.30**, bringing the total to **$1,883.70**, as set forth in the below table:

| Damages | Estimated Hours Worked | Tip Credit Differential | Amount Owed |
|---|---|---|---|
| Compensatory | 322 | $2.60 | $837.20 |
| FLSA Liquidated | | | $837.20 |
| NYLL Liquidated | | | $209.30 |
| Total | | | **$1,883.70** |

---

[7] I credit the plaintiff's representation that based on the dates of employment provided by the defendants, the midpoint of Utama's employment was March 5, 2009, the midpoint of Widjaja's employment was November 6, 2008, and the midpoint of Gunardi's employment was October 23, 2008. Using these midpoints, prejudgment interest is calculated according to the 6.8575 years from the midpoint of Plaintiff Utama's employment to the present; 7.1836 years from the midpoint of Plaintiff Widjaja's employment to the present; and 7.2219 years from the midpoint of Plaintiff Gunardi's employment to the present.

### *Tip Retention*

12. The January 25, 2016 Order included an award for 3.85% of the plaintiffs' credit card tips, which the defendants wrongfully withheld. The decision did not account for the additional 7.65% withheld from the plaintiffs' credit card tips.

13. 7.65% of wrongly retained tips is roughly $2,499.71 as illustrated by the table below.[8] With total NYLL liquidated damages of $304.64, and prejudgment interest (adjusted for the midpoint of each the plaintiff's employment) amounting to $767.79, the plaintiffs are owed an additional $2,291.17 in damages for the misappropriation of 7.65% of the tips.

| Plaintiff | 3.85% Tips Retained | 7.65% Tips Retained | Amount Owing | NYLL Liquidated | Prejudgment Interest |
|---|---|---|---|---|---|
| Utama | $716.25 | $1,425.34 | $709.09 | $177.27 | $437.63 |
| Widjaja | $314.94 | $626.73 | $311.79 | $77.95 | $201.58 |
| Gunardi | $199.82 | $397.64 | $197.82 | $49.46 | $128.58 |
| **Total** | $1,231.01 | $2,449.71 | **$1,218.70** | **$304.67** | **$767.79** |

14. Thus, the plaintiffs are entitled to an additional **$2,291.17**, representing the 7.65% wrongfully withheld from their credit card tips, NYLL liquidated damages for that amount, and prejudgment interest.

### CONCLUSION

Accordingly, the plaintiffs are entitled to a total of **$20,481.45**, representing the sum of the above-described damages amount of $6906.10 and the previously determined damages amount of $13,575.35.

**SO ORDERED.**


**/s/ Ann M. Donnelly**
_____
Ann M. Donnelly
United States District Judge


Dated: Brooklyn, New York
      February 17, 2016
_____

[8] Based on information provided by the defendants, the 3.85% retained from plaintiffs' tips was $1,231.01. Extrapolating from this figure, the remaining 7.65% is 1.99 times the 3.85%.