UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
:
**JOHANES WIDJAJA, VICTOR UTAMA, and
AMPRI GUNARDI,**
:
                          Plaintiffs,  :   **MEMORANDUM AND ORDER
                                                 ON REQUEST FOR
                                                 ATTORNEY'S FEES AND COSTS**

               **- against -**

                                                 09 Civ. 2089 (AMD) (CLP)

**KANG YUE USA CORP. d/b/a MoCA ASIAN
BISTRO, and JOHNSON CHEN,**

                          Defendants.
-------------------------------------------------------------- X

**ANN DONNELLY,** District Judge.

      The plaintiffs, formerly servers at MoCA Asian Bistro ("MoCA"), prevailed in this action against their employers for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 196-d and 650 *et seq.* The events giving rise to this litigation are set forth in detail in *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-RRM-CLP, 2011 WL 4460642 (E.D.N.Y. Sept. 26, 2011), and the extensive procedural history is summarized below. The plaintiffs now seek an award of $39,522.50 in attorney's fees and $578 in costs. I ordered the defendants to submit their opposition by March 15, 2016. Instead of doing so, on that date, the defendants requested a 30-day extension and an order that the parties participate in a settlement conference. I denied these requests. For the reasons stated below, I grant the plaintiff's motion and order an award of $39,522.50 in attorney's fees and $578 in costs.

1

## PROCEDURAL HISTORY

This wage-and-hour case has been pending since May of 2009. In November and December of 2010, the parties cross-moved for summary judgment. (ECF Nos. 35-51.) The plaintiffs argued that summary judgment was warranted on four issues: 1) the defendants were the plaintiffs' employers under the FLSA and NYLL; 2) the defendants violated the FLSA and NYLL minimum wage requirement by retaining portions of the plaintiffs' credit card tips and by requiring the plaintiffs to share their tips with the sushi chef; 3) the defendants' tipping practices also violated N.Y. Lab. Law § 196-d; and 4) the plaintiffs were entitled to recover liquidated damages under both the FLSA and NYLL. (ECF No. 49.)

The Honorable Roslynn Mauskopf[1] granted the plaintiffs' summary judgment motion in its entirety as to the plaintiffs Johanes Widjaja, Ampri Gunardi, and Victor Utama, observing that "only the issue of damages remains." *Widjaja*, 2011 WL 4460642, at *10. Thereafter, the plaintiffs filed a draft pretrial order (ECF No. 59), but then wrote to the Court to request a conference to resolve disputes that had arisen over the types of damages available to the plaintiffs. (ECF No. 60.) Specifically, the plaintiffs informed the Court that the defendants had omitted from the draft pretrial order any discussion of tip credit damages, the full amount of withheld tips, and liquidated damages under the FLSA and NYLL. *Id.*

Further briefing on the issue of damages followed. In December of 2015, I issued an order holding that plaintiffs were entitled to recover tip credit damages, tip disgorgement damages, and liquidated damages. *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-AMD-CLP, 2015 WL 8665432 (E.D.N.Y. Dec. 11, 2015). However, I declined to opine at that time as to the actual monetary value of damages, as there remained outstanding questions of fact about

---

[1] This case was reassigned to me on November 18, 2015.

particular issues. Thereafter, the plaintiffs moved for summary judgment on the value of the following damages: tip credit damages due under the FLSA, liquidated damages, improper FICA deductions, improper credit card tip deductions, and prejudgment interest. (ECF No. 75.) The defendants did not oppose this motion, which I granted in its entirety on January 25, 2016; I held that the plaintiffs were entitled to $13,575.35 in damages as to those issues. *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-AMD-CLP, 2016 WL 304881, at *1 (E.D.N.Y. Jan. 25, 2016). On February 17, 2016, the parties proceeded to a one-day bench trial on the remaining disputed damages issues. Again, I ruled for the plaintiffs on all issues and awarded the plaintiffs an additional $6,906.10 in damages, for a total damages award of $20,481.45. *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089-AMD-CLP, 2016 WL 660713, at *1 (E.D.N.Y. Feb. 17, 2016).

The plaintiffs' counsel now applies for $39,522.50 in attorney's fees and $578 in costs, pursuant to the FLSA and NYLL. As discussed below, I order the full requested amounts in attorney's fees and costs.

## DISCUSSION

In a civil action to recover unpaid wages under the FLSA and NYLL, the plaintiff is entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1); *see also Francois v. Mazer*, 523 Fed. App'x 28, 29 (2d Cir. 2013) ("Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL."). The Supreme Court and the Second Circuit have observed that the "critical factor" in a court's determination of what constitutes a reasonable fee is the "degree of success" obtained by the plaintiff. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). As

discussed above, the plaintiffs were successful on nearly all of the claims brought in their complaint;[2] counsel achieved a very good result for their clients.

In this Circuit, the "presumptively reasonable fee" is the starting point. This amount is determined by multiplying the number of hours reasonably spent by the reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2008). "This calculation provides an objective basis on which to make an initial estimate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In ruling on a request for attorney's fees, I consider whether, at the time the work was performed, a reasonable attorney would have engaged in similar time spent. *Walker v. City of New York*, No. 11-cv-314 CBA, 2015 WL 4568305, at *8 (E.D.N.Y. July 28, 2015) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).[3] Here, the plaintiffs' counsel represents that he and the lawyers at his firm spent 115 hours litigating this case—preparing the complaint, meeting with clients, participating in discovery, preparing for and taking depositions, engaging in multiple rounds of summary judgment briefing, drafting pretrial orders, and trial practice. Moreover, plaintiffs' counsel represents that the hours expended by all attorneys at the firm were voluntarily reduced by a "significant margin" in order to lessen any duplication of effort caused by having to respond repeatedly to the defendants' intransigence on the question of damages.

The fact that this action required years of extensive motion practice and a bench trial is not the fault of the plaintiffs or their counsel. Rather, much of the case was decided by Judge Mauskopf's order on summary judgment. *Widjaja*, 2011 WL 4460642, at *10. The defendants'

---

[2] Judge Mauskopf held that the plaintiffs had not adduced any evidence to support their claims as to one plaintiff, Ernie Ng. *Widjaja*, 2011 WL 4460642, at *8.

[3] It is not my role to "engage in an *ex post facto* determination of whether attorney hours were necessary to the relief obtained." *Grant*, 973 F.2d at 99.

4

subsequent refusal to acknowledge the relief laid out in the Court's orders created ongoing difficulties for the plaintiffs and for the Court, and the defendants' repeated noncompliance with the Court's directives caused additional delay. Accordingly, I find that the time plaintiffs' counsel spent was consistent with the amount of time a reasonable attorney would have dedicated.

With respect to determining a reasonable hourly rate, the Second Circuit has explained that reasonable attorney fees are what "a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. In the absence of unusual circumstances, this amount is the prevailing rate for similar legal services provided by "lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (citation omitted). Here, counsel are attorneys with considerable experience in wage-and-hour cases. *See, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008-RJS, at 20:1-3 (S.D.N.Y. Dec. 22, 2015) ("I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work.") (transcript attached as Exhibit C to the Kirschenbaum Aff.); *Sand v. Greenberg*, No. 08-cv-7840-PAC, 2011 WL 1338196, at *3 (S.D.N.Y. Mar. 22, 2011) ("The lawyers . . . at JHHK have substantial experience prosecuting and settling wage and hour class actions."). Counsel's advocacy in this case was particularly impressive; their integrity, the clarity of their written submissions, and the doggedness with which they pursued relief for their clients warrant the very reasonable fees that they request.

Mr. D. Maimon Kirschenbaum seeks a reduced partner rate of $375 per hour; Ms. Denise A. Schulman, Mr. Josef Nussbaum, and Mr. Lucas C. Buzzard seek a senior associate rate of $300 per hour; and Ms. Ruchama Cohen seeks a junior associate rate of $250 per hour. These

rates fall well within the prevailing hourly rates for wage-and-hour cases in this District. *See, e.g.*, *Bodon v. Domino's Pizza, LLC*, No. 09-cv-2941 SLT, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015) *report and recommendation adopted sub nom. Bodon v. Domino's Pizza, Inc.*, No. 09-cv-2941-SLT-RLM, 2015 WL 3902405 (E.D.N.Y. June 24, 2015) ("recent cases have held that partners in wage and hour cases are generally entitled to recover $300 to $450 per hour."); *Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-cv-1844-MKB, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) ("[r]ecent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates.") (internal quotation marks omitted).

Under the circumstances of this case, the attorney's fees sought ($39,522.50) are eminently reasonable given the results achieved, the effort required by counsel to achieve those results, and the steps that counsel took to cut their fees to a reasonable level.

The plaintiffs also seeks costs in the amount of $578 which includes the fees for filing and serving the complaint and the costs of the depositions. (Kirschenbaum Aff. ¶ 23 & Ex. B.) Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, I grant the plaintiffs' application for attorney's fees and costs. I award $39,522.50 in attorney's fees and $578 in costs and respectfully instruct the Clerk of the Court to enter an amended judgment that includes the total amount of $40,100.50 in attorney's fees and costs.

**SO ORDERED.**

/s/ **Ann M. Donnelly**
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       March 16, 2016